IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **THOMAS J. CAPANO,** <br>     Petitioner, <br><br>           v. <br><br> **THOMAS J. CARROLL**, Warden, <br> Delaware Correctional Center <br> and **CARL C. DANBERG,** Attorney <br> General of the State of Delaware, <br>     Respondents. | : <br> : <br> : <br> : <br> : Civil Action No. <br> : <br> : <br> : <br> : <br> : <br> : |

**PETITION FOR WRIT OF HABEAS CORPUS**
**UNDER 28 U.S.C. §2254**

   1. **Name and location of court which entered the judgment of conviction under attack:** Superior Court of the State of Delaware (New Castle County), 500 N. King Street, Wilmington, DE 19801.

   2. **Date of judgment of conviction:** (1) conviction by jury - January 17, 1999; (2) sentencing decision - March 16, 1999.

   3. **Length of Sentence:** A sentence of death was imposed by the trial court. However, that sentence was vacated by the Supreme Court of Delaware on January 10, 2006. *See, Capano v. State*, 2006 Del. LEXIS 1.

   4. **Nature of offense involved:** First Degree Murder

   5. **What was your plea? -** Not Guilty

   6. **If you pleaded not guilty, what kind of trial did you have? -** Jury trial

   7. **Did you testify at the trial? -** Yes

   8. **Did you appeal from the judgment of conviction? -** Yes

   9. **If you did appeal, answer the following:**

   **(A) Name of court -** Supreme Court of Delaware
   **(b) Result -** conviction and death sentence were affirmed
   **(c) Date of result and citation -** August 10, 2001; *Capano v. State*, 781 A.2d 556 (Del. 2001)

   **(D) Grounds raised:**

(1)At trial, Capano had expressly requested that the jury be charged on lesser included offenses. Since the evidence was also consistent with lesser degrees of homicide, Capano was entitled to jury instructions on the lesser included offenses to the charged offense of Murder First Degree under the Due Process Clause of both the federal and state Constitutions. See, *Beck v. Alabama*, 447 U.S. 625(1980).

(2) The State's theory of the case as to Capano's "motive" and "intent" rested nearly entirely on inadmissible hearsay evidence of the victim's out-of-court statements to her psychotherapists, family and friends. This evidence was inadmissible under D.R.E. 803(3) (state of mind exception) and especially in the State's case-in-chief. See, *Porter v. State*, 587 A.2d 188 (Del. Super. 1990). It was also inadmissible under D.R.E. 803(4) (statements for purpose of medical diagnosis). Admission of this hearsay evidence also violated Capano's Sixth Amendment right to confrontation.

(3) The trial court wrongly admitted evidence of Capano's "bad" character and "bad acts" in violation of *Getz v. State*, 538 A.2d 726 (Del. 1988), and its progeny.

(4) The trial court wrongly allowed the jury to hear evidence that Gerry Capano, the defendant's brother, who was a crucial witness for the State on the question of "planning" and "premeditation," had taken (and presumably passed) a lie detector test.

(5) The trial court wrongly allowed the State to question the defendant on cross-examination about matters that were reasonably intended to provoke Capano to assert the lawyer-client privilege; and to ask him so-called "were they lying?" questions. These lines of questioning amounted to prosecution misconduct under *Hughes v. State*, 437 A.2d 559 (Del. 1981), and its progeny.

(6) The trial court wrongly allowed State's witnesses to express their personal opinion that Capano was "guilty."

(7) The trial court abused its discretion in failing to properly investigate a claim of juror bias or misconduct and in summarily dismissing a juror during the trial.

(8) The defendant's exclusion from "office conferences" where nearly all of the critical rulings in the case were made violated the defendant's Sixth Amendment right to be present at all stages of his trial.

(9) The trial court abused its discretion in refusing to require the State to turn over to the defense admitted "*Brady* material" concerning Gerry Capano's use of drugs.

(10) The trial court improperly limited the scope of the defendant's right of allocution in the penalty hearing in violation of *Shelton v. State*, 744 A.2d 465, 488-497 (Del. 2000).

(11) The trial court's jury instruction on the elements of the statutory aggravating circumstance that the killing was "premeditated and the result of substantial planning" was erroneous as a matter of law.

(12) The defendant's death sentence is invalid because the jury did not unanimously find that the State had established beyond a reasonable doubt that the killing was "premeditated and the result of substantial planning," which was the only statutory aggravating circumstance in the case.

(13) Delaware's death penalty statute was unconstitutional under the Sixth Amendment because it did not require a unanimous finding by the jury as to the existence of statutory aggravating circumstances.

(14) The imposition of the death penalty in this case was "disproportionate" to the penalty imposed in similar cases.

(15) The case should be remanded for an evidentiary hearing to review whether the rulings made by the trial court may have been influenced - consciously or unconsciously - by any motive on the part of the trial judge to use his role in the case, in presiding over a conviction and imposing the death penalty in a highly publicized case, to advance his political career, and all rulings made by the court below must be scrutinized with special care since the trial judge used this case, the conviction and the death penalty, to launch his political career.

(16) The trial court abused its discretion in allowing the State to impeach the defendant by evidence of prior sexual misconduct.

(17) The defendant's Fifth Amendment privilege was violated when the State was permitted to question the defendant concerning his post-arrest silence.

**(e) If you sought further review of the decision on appeal by a higher state court, please answer the following** : Not applicable.

**(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:**

**(1) Name of Court -** United States Supreme Court
**(2) Result -** the petition was denied
**(3) Date of result and citation** - June 28, 2002; *Capano v. Delaware*, 536 U.S. 958 (2002)
**(4) Grounds raised:**

(1) At trial, Capano had expressly requested that the jury be charged on lesser included offenses. Since the evidence was also consistent with lesser degrees of homicide, Capano was entitled to jury instructions on the lesser included offenses to the charged offense of Murder First Degree under the Due Process Clause of both the federal and state Constitutions. See, *Beck v. Alabama*, 447 U.S. 625(1980).

(2) Delaware's death penalty statute was unconstitutional under the Sixth Amendment because it did not require a unanimous finding by the jury as to the existence of statutory aggravating circumstances.

10. **Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?**   Yes.

11. **If your answer to 10 was "yes," give the following information:**

**(A) (1) Name of Court -** Delaware Superior Court (New Castle County)

**(2) Nature of proceeding -** Petition for post-conviction relief under Superior Court Criminal Rule 61.

**(3) Grounds raised:**

(a) The statutory provisions for imposition of the death penalty that were in effect at the time of Capano's trial and sentencing are facially unconstitutional in that they deprived Capano of his right under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §4 and Article 1, §7 of the Constitution of the State of Delaware to have a jury make the final determination, unanimously and

beyond a reasonable doubt, whether Capano was "eligible" to be sentenced to death. *See, Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). The decision in *Brice v. State,* 815 A.2d 314 (Del. 2003), which upheld the constitutionality, under *Ring,* of the 1991 Death Penalty Statute, should be overruled.

(b) Even if *Brice* is not overruled, any "*Ring* error" is subject to review under the "harmless error" standard. In this case, the constitutional error was not "harmless" and the Delaware death penalty statute is unconstitutional "as applied to" Capano because the "advisory jury" did not unanimously agree that the State had proved the existence of the only statutory aggravating circumstance alleged — that "the murder was premeditated and the result of substantial planning." *See, Norcross v. State*, 816 A.2d 757, 767 (Del. 2003)

(c) If the 1991 Delaware death penalty statute is facially unconstitutional, the application of the doctrine of "severability" requires that the court vacate Capano's death sentence and impose a sentence of life imprisonment without benefit of probation or parole.

(d) If Capano's death sentence is invalid under *Ring, Brice,* or *Norcross*, a retrial of the penalty phase is barred under the Double Jeopardy Clause.

(e) The defendant's trial attorneys were "ineffective" under *Strickland v. Washington*, 466 U.S. 668 (1984), as follows: (a) in agreeing to stipulate to the admissibility of admittedly hearsay statements made by Anne Marie Fahey, and (b) in failing to object to the cross-examination of the defendant concerning pre-arrest and post-arrest silence.

**(4) Did you receive an evidentiary hearing on your petition, application or motion?** Yes.

**(5) Result -** The Rule 61 Motion was denied. *State v. Capano*, 2005 Del. Super. LEXIS 69 (March 9, 2005)

**(b) As to any second petition....** Not applicable

**(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?** Yes.

**(d) If you did not appeal......** Not applicable

12. **Grounds for Habeas Corpus Relief**

**Ground One**: At trial, Capano had expressly requested that the jury be charged on lesser included offenses. See, *Capano v. State*, 781 A.2d at 627. Because the evidence was also consistent with lesser degrees of homicide, Capano was entitled to jury instructions on the lesser included offenses to the charged offense of Murder First Degree under the Due Process Clause of both the federal and state Constitutions. See, *Beck v. Alabama*, 447 U.S. 625(1980). The trial court rejected Capano's request. *Capano*, 781 A.2d at 627. In his direct appeal, Capano argued that the refusal to instruct on lesser included offenses violated his Due Process rights under *Beck*. *Id.*, at 633. Capano's *Beck* claim was also rejected by the Delaware Supreme Court. *Id.*

**Ground Two**: The statutory provisions for imposition of the death penalty that were in effect at the time of Capano's trial and sentencing are facially unconstitutional in that they deprived Capano of his right under the Sixth and Fourteenth Amendments to the United States Constitution to have a jury make the final determination, unanimously and beyond a reasonable doubt, whether Capano was "eligible" to be sentenced to death. *See, Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In the state court post-conviction proceedings, the Delaware Supreme Court rejected Capano's claim that the Delaware death penalty statute was unconstitutional under *Ring*. See, *Capano v. State*, 2006 Del. LEXIS 1, *16-*19. The Delaware Supreme Court held, however, that "the advisory jury in Capano's case did not unanimously find the element that the 'murder was premeditated and the result of substantial planning.' Without a unanimous jury finding of the statutory aggravating circumstance, the procedure used to sentence Capano to death under the 1991 statute was unconstitutional as applied to him." *Id.*, at *21. The Delaware Supreme Court's conclusion that the Delaware death penalty statute was not facially unconstitutional under *Ring* allowed the court to permit a re-trial of the "penalty phase" of the case. Conversely, if the statute is unconstitutional under *Ring*, then the doctrine of "severability" would have required to court to re-sentence Capano to life imprisonment and would have barred any re-trial of the penalty phase of the case.

**Ground Three:** The decision of the Delaware Supreme Court in the post-conviction proceedings to permit a re-trial of the "penalty phase" of the case violated Capano's rights under the Double Jeopardy Clause of the Fifth Amendment to the United states Constitution. In the "penalty phase of Capano's trial, the jury voted 11 to 1 that the State had established the only statutory aggravating circumstance alleged to exist in the case – that the murder was the result of substantial planning and premeditation. The jury's non-unanimous vote was the functional equivalent of an acquittal on the question of Capano's eligibility to be exposed to a possible death sentence. See, *Sattazahn v. Pennsylvania,* 537 U.S. 101 (2003).

**Ground Four:** In Capano's direct appeal, the decision of the Delaware Supreme Court that the victim's out-of-court statements to her friends, family and psychotherapists concerning her relationship with Capano and "bad acts" allegedly committed by Capano were admissible under state law rules of evidence violated Capano's rights under theConfrontation Clause of the Sixth Amendment to the United States Constitution. See, *Capano v. State*, 781 A.2d at 615 and 627.

**Ground Five:** In Capano's direct appeal, the decision of the Delaware Supreme Court that it was proper for the State to cross-examine Capano concerning "post-arrest silence" violated Capano's rights under the Fifth Amendment to the United States Constitution. See, *Capano v. State*, 781 A.2d at 647-649.

**Ground Six:** Capano's trial attorneys were "ineffective" under *Strickland v. Washington*, 466 U.S. 668 (1984), as follows: (1) they did not request limiting instructions concerning Anne Marie Fahey's out-of-court statements; (2) they agreed to a stipulation that admitted Fahey's out-of-court statements; and (3) they did not object to the prosecutor's cross-examination of Capano about his pre-arrest and post-arrest silence in possible violation of his Fifth Amendment rights. See, *Capano v. State*, 2006 Del. LEXIS 1 at *8-*16.

13. **If any of the grounds listed in 12 were not previously presented in any court, state or federal, state briefly what grounds were not so presented and give your reasons for not presenting them.** Not applicable.

14. **Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment now under attack?** Yes. As a result of the decision of the Delaware Supreme Court in *Capano v. State*, 2006 Del. LEXIS 1, the State is entitled to a retrial of the "penalty phase" of the trial. That retrial has not yet taken place.

15. **Give the names and addresses of each attorney who represented you at each stage of the judgment attacked herein:**

(1) the following attorneys represented the petitioner during all or part of the period from the time of his arrest through conviction and sentence in the trial court.

>Joe A. Hurley, Esquire
>1215 King Street
>Wilmington, DE 19801

>John F. O'Donnell, Esquire
>2648 N.E. 26th Place
>Ft. Lauderdale, FL 33306

>Joseph S. Oteri, Esquire
>20 Park Plaza, Suite 905
>Boston, MA 02116

>Charles M. Oberly, III, Esquire
>Oberly, Jennings & Rhodunda, P.A.
>PO Box 2054
>Wilmington, DE 19899

>Eugene J. Maurer, Jr., Esquire
>1201-A King Street
>Wilmington, DE 19801

(2) The following attorneys represented petitioner on direct appeal

>Joseph M. Bernstein, Esquire
>800 N. King Street - Suite 302
>Wilmington, DE 19801

      David A. Ruhnke, Esquire
      Ruhnke & Barrett
      47 Park Street
      Montclair, NJ 07042

      Paul Shechtman, Esquire
      Stillman & Friedman, P.C.
      425 Park Avenue
      New York, NY 10022

    (3) The following attorneys represented the petitioner in state court post-conviction proceedings and on appeal in post-conviction proceedings

      Joseph M. Bernstein, Esquire
      800 N. King Street - Suite 302
      Wilmington, DE 19801

      David A. Ruhnke, Esquire
      Ruhnke & Barrett
      47 Park Street
      Montclair, NJ 07042

    16. **Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?** No.

    17. **Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?** No.

    **WHEREFORE,** petitioner prays that the Court grant petitioner all relief to which he may be entitled under this Petition

                                     s/ Joseph M. Bernstein
                                     JOSEPH M. BERNSTEIN (#780)
                                     800 N. King Street - Suite 302
                                     Wilmington, DE 19801
                                     302-656-9850
                                     Attorney for Petitioner

    I declare under penalty of perjury that the foregoing is true and correct.

                                     s/ Thomas J. Capano
Dated:  1/13/06                 Thomas J. Capano

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Thomas J. Capano

## DEFENDANTS
Thomas J. Carroll, Warden, Delaware Correctional Center, and
Carl C. Danberg, Attorney Genaal of the State of Delaware

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Joseph M. Bernstein
800 N. King St. - Suite 302
Wilmington, DE 19801
302-656-9850

ATTORNEYS (IF KNOWN)
Loren C. Meyers
Department of Justice
820 N. French St.
Wilmington, DE 19801

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)
☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
habeas corpus petition by prisoner in state custody under 28 U.S.C. §2254

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint.
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE 1-27-06
SIGNATURE OF ATTORNEY OF RECORD  Joseph M B___

UNITED STATES DISTRICT COURT