IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **THOMAS J. CAPANO,** :  <br>  Petitioner, : <br> : <br> v. : Civil Action No. <br> : <br> **THOMAS J. CARROLL**, Warden, : <br> Delaware Correctional Center : <br> and **CARL C. DANBERG,** Attorney : <br> General of the State of Delaware, : <br>   Respondents. : | |

**PETITION FOR WRIT OF HABEAS CORPUS**
**UNDER 28 U.S.C. §2254**

   1. **Name and location of court which entered the judgment of conviction under attack:** Superior Court of the State of Delaware (New Castle County), 500 N. King Street, Wilmington, DE 19801.

   2. **Date of judgment of conviction:** (1) conviction by jury - January 17, 1999; (2) sentencing decision - March 16, 1999.

   3. **Length of Sentence:** A sentence of death was imposed by the trial court. However, that sentence was vacated by the Supreme Court of Delaware on January 10, 2006. *See, Capano v. State*, 2006 Del. LEXIS 1.

   4. **Nature of offense involved:** First Degree Murder

   5. **What was your plea? -** Not Guilty

   6. **If you pleaded not guilty, what kind of trial did you have? -** Jury trial

   7. **Did you testify at the trial? -** Yes

   8. **Did you appeal from the judgment of conviction? -** Yes

   9. **If you did appeal, answer the following:**

   **(A) Name of court -** Supreme Court of Delaware
   **(b) Result** - conviction and death sentence were affirmed
   **(c) Date of result and citation -** August 10, 2001; *Capano v. State*, 781 A.2d 556 (Del. 2001)

   **(D) Grounds raised:**

   (1) At trial, Capano had expressly requested that the jury be charged on lesser included offenses. Since the evidence was also consistent with lesser degrees of homicide, Capano was entitled to jury instructions on the lesser included offenses to the charged offense of Murder First Degree under the Due Process Clause of both the federal and state Constitutions. See, *Beck v. Alabama*, 447 U.S. 625 (1980).

(2) The State's theory of the case as to Capano's "motive" and "intent" rested nearly entirely on inadmissible hearsay evidence of the victim's out-of-court statements to her psychotherapists, family and friends. This evidence was inadmissible under D.R.E. 803(3) (state of mind exception) and especially in the State's case-in-chief. See, *Porter v. State*, 587 A.2d 188 (Del. Super. 1990). It was also inadmissible under D.R.E. 803(4) (statements for purpose of medical diagnosis). Admission of this hearsay evidence also violated Capano's Sixth Amendment right to confrontation.

(3) The trial court wrongly admitted evidence of Capano's "bad" character and "bad acts" in violation of *Getz v. State*, 538 A.2d 726 (Del. 1988), and its progeny.

(4) The trial court wrongly allowed the jury to hear evidence that Gerry Capano, the defendant's brother, who was a crucial witness for the State on the question of "planning" and "premeditation," had taken (and presumably passed) a lie detector test.

(5) The trial court wrongly allowed the State to question the defendant on cross-examination about matters that were reasonably intended to provoke Capano to assert the lawyer-client privilege; and to ask him so-called "were they lying?" questions. These lines of questioning amounted to prosecution misconduct under *Hughes v. State*, 437 A.2d 559 (Del. 1981), and its progeny.

(6) The trial court wrongly allowed State's witnesses to express their personal opinion that Capano was "guilty."

(7) The trial court abused its discretion in failing to properly investigate a claim of juror bias or misconduct and in summarily dismissing a juror during the trial.

(8) The defendant's exclusion from "office conferences" where nearly all of the critical rulings in the case were made violated the defendant's Sixth Amendment right to be present at all stages of his trial.

(9) The trial court abused its discretion in refusing to require the State to turn over to the defense admitted "*Brady* material" concerning Gerry Capano's use of drugs.

(10) The trial court improperly limited the scope of the defendant's right of allocution in the penalty hearing in violation of *Shelton v. State*, 744 A.2d 465, 488-497 (Del. 2000).

(11) The trial court's jury instruction on the elements of the statutory aggravating circumstance that the killing was "premeditated and the result of substantial planning" was erroneous as a matter of law.

(12) The defendant's death sentence is invalid because the jury did not unanimously find that the State had established beyond a reasonable doubt that the killing was "premeditated and the result of substantial planning," which was the only statutory aggravating circumstance in the case.

(13) Delaware's death penalty statute was unconstitutional under the Sixth Amendment because it did not require a unanimous finding by the jury as to the existence of statutory aggravating circumstances.

(14) The imposition of the death penalty in this case was "disproportionate" to the penalty imposed in similar cases.

(15) The case should be remanded for an evidentiary hearing to review whether the rulings made by the trial court may have been influenced - consciously or unconsciously - by any motive on the part of the trial judge to use his role in the case, in presiding over a conviction and imposing the death penalty in a highly publicized case, to advance his political career, and all rulings made by the court below must be scrutinized with special care since the trial judge used this case, the conviction and the death penalty, to launch his political career.

(16) The trial court abused its discretion in allowing the State to impeach the defendant by evidence of prior sexual misconduct.

(17) The defendant's Fifth Amendment privilege was violated when the State was permitted to question the defendant concerning his post-arrest silence.

**(e) If you sought further review of the decision on appeal by a higher state court, please answer the following** : Not applicable.

**(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:**

**(1) Name of Court -** United States Supreme Court
**(2) Result -** the petition was denied
**(3) Date of result and citation** - June 28, 2002; *Capano v. Delaware*, 536 U.S. 958 (2002)
**(4) Grounds raised:**

(1) At trial, Capano had expressly requested that the jury be charged on lesser included offenses. Since the evidence was also consistent with lesser degrees of homicide, Capano was entitled to jury instructions on the lesser included offenses to the charged offense of Murder First Degree under the Due Process Clause of both the federal and state Constitutions. See, *Beck v. Alabama*, 447 U.S. 625(1980).

(2) Delaware's death penalty statute was unconstitutional under the Sixth Amendment because it did not require a unanimous finding by the jury as to the existence of statutory aggravating circumstances.

10. **Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal?** Yes.

11. **If your answer to 10 was "yes," give the following information:**

**(A) (1) Name of Court -** Delaware Superior Court (New Castle County)

**(2) Nature of proceeding -** Petition for post-conviction relief under Superior Court Criminal Rule 61.

**(3) Grounds raised:**

(a) The statutory provisions for imposition of the death penalty that were in effect at the time of Capano's trial and sentencing are facially unconstitutional in that they deprived Capano of his right under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §4 and Article 1, §7 of the Constitution of the State of Delaware to have a jury make the final determination, unanimously and

beyond a reasonable doubt, whether Capano was "eligible" to be sentenced to death. *See, Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). The decision in *Brice v. State,* 815 A.2d 314 (Del. 2003), which upheld the constitutionality, under *Ring,* of the 1991 Death Penalty Statute, should be overruled.

(b) Even if *Brice* is not overruled, any "*Ring* error" is subject to review under the "harmless error" standard. In this case, the constitutional error was not "harmless" and the Delaware death penalty statute is unconstitutional "as applied to" Capano because the "advisory jury" did not unanimously agree that the State had proved the existence of the only statutory aggravating circumstance alleged — that "the murder was premeditated and the result of substantial planning." *See, Norcross v. State*, 816 A.2d 757, 767 (Del. 2003)

(c) If the 1991 Delaware death penalty statute is facially unconstitutional, the application of the doctrine of "severability" requires that the court vacate Capano's death sentence and impose a sentence of life imprisonment without benefit of probation or parole.

(d) If Capano's death sentence is invalid under *Ring, Brice,* or *Norcross*, a retrial of the penalty phase is barred under the Double Jeopardy Clause.

(e) The defendant's trial attorneys were "ineffective" under *Strickland v. Washington*, 466 U.S. 668 (1984), as follows: (a) in agreeing to stipulate to the admissibility of admittedly hearsay statements made by Anne Marie Fahey, and (b) in failing to object to the cross-examination of the defendant concerning pre-arrest and post-arrest silence.

**(4) Did you receive an evidentiary hearing on your petition, application or motion?** Yes.

**(5) Result -** The Rule 61 Motion was denied. *State v. Capano*, 2005 Del. Super. LEXIS 69 (March 9, 2005)

**(b) As to any second petition....** Not applicable

**(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?** Yes.

**(d) If you did not appeal......** Not applicable

12. **Grounds for Habeas Corpus Relief**

**Ground One**: At trial, Capano had expressly requested that the jury be charged on lesser included offenses. See, *Capano v. State*, 781 A.2d at 627. Because the evidence was also consistent with lesser degrees of homicide, Capano was entitled to jury instructions on the lesser included offenses to the charged offense of Murder First Degree under the Due Process Clause of both the federal and state Constitutions. See, *Beck v. Alabama*, 447 U.S. 625(1980). The trial court rejected Capano's request. *Capano*, 781 A.2d at 627. In his direct appeal, Capano argued that the refusal to instruct on lesser included offenses violated his Due Process rights under *Beck*. *Id.*, at 633. Capano's *Beck* claim was also rejected by the Delaware Supreme Court. *Id.*

**Ground Two**: The statutory provisions for imposition of the death penalty that were in effect at the time of Capano's trial and sentencing are facially unconstitutional in that they deprived Capano of his right under the Sixth and Fourteenth Amendments to the United States Constitution to have a jury make the final determination, unanimously and beyond a reasonable doubt, whether Capano was "eligible" to be sentenced to death. *See, Ring v. Arizona,* 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). In the state court post-conviction proceedings, the Delaware Supreme Court rejected Capano's claim that the Delaware death penalty statute was unconstitutional under *Ring*. See, *Capano v. State*, 2006 Del. LEXIS 1, *16-*19. The Delaware Supreme Court held, however, that "the advisory jury in Capano's case did not unanimously find the element that the 'murder was premeditated and the result of substantial planning.' Without a unanimous jury finding of the statutory aggravating circumstance, the procedure used to sentence Capano to death under the 1991 statute was unconstitutional as applied to him." *Id.*, at *21. The Delaware Supreme Court's conclusion that the Delaware death penalty statute was not facially unconstitutional under *Ring* allowed the court to permit a re-trial of the "penalty phase" of the case. Conversely, if the statute is unconstitutional under *Ring*, then the doctrine of "severability" would have required to court to re-sentence Capano to life imprisonment and would have barred any re-trial of the penalty phase of the case.

**Ground Three:** The decision of the Delaware Supreme Court in the post-conviction proceedings to permit a re-trial of the "penalty phase" of the case violated Capano's rights under the Double Jeopardy Clause of the Fifth Amendment to the United states Constitution. In the "penalty phase of Capano's trial, the jury voted 11 to 1 that the State had established the only statutory aggravating circumstance alleged to exist in the case – that the murder was the result of substantial planning and premeditation. The jury's non-unanimous vote was the functional equivalent of an acquittal on the question of Capano's eligibility to be exposed to a possible death sentence. See, *Sattazahn v. Pennsylvania,* 537 U.S. 101 (2003).

**Ground Four:** In Capano's direct appeal, the decision of the Delaware Supreme Court that the victim's out-of-court statements to her friends, family and psychotherapists concerning her relationship with Capano and "bad acts" allegedly committed by Capano were admissible under state law rules of evidence violated Capano's rights under theConfrontation Clause of the Sixth Amendment to the United States Constitution. See, *Capano v. State*, 781 A.2d at 615 and 627.

**Ground Five:** In Capano's direct appeal, the decision of the Delaware Supreme Court that it was proper for the State to cross-examine Capano concerning "post-arrest silence" violated Capano's rights under the Fifth Amendment to the United States Constitution. See, *Capano v. State*, 781 A.2d at 647-649.

**Ground Six:** Capano's trial attorneys were "ineffective" under *Strickland v. Washington*, 466 U.S. 668 (1984), as follows: (1) they did not request limiting instructions concerning Anne Marie Fahey's out-of-court statements; (2) they agreed to a stipulation that admitted Fahey's out-of-court statements; and (3) they did not object to the prosecutor's cross-examination of Capano about his pre-arrest and post-arrest silence in possible violation of his Fifth Amendment rights. See, *Capano v. State*, 2006 Del. LEXIS 1 at *8-*16.

13. **If any of the grounds listed in 12 were not previously presented in any court, state or federal, state briefly what grounds were not so presented and give your reasons for not presenting them.** Not applicable.

14.  **Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment now under attack?**  Yes.  As a result of the decision of the Delaware Supreme Court in *Capano v. State*, 2006 Del. LEXIS 1, the State is entitled to a retrial of the "penalty phase" of the trial.  That retrial has not yet taken place.

15.  **Give the names and addresses of each attorney who represented you at each stage of the judgment attacked herein:**

(1) the following attorneys represented the petitioner during all or part of the period from the time of his arrest through conviction and sentence in the trial court.

> Joe A. Hurley, Esquire
> 1215 King Street
> Wilmington, DE 19801
>
> John F. O'Donnell, Esquire
> 2648 N.E. 26th Place
> Ft. Lauderdale, FL 33306
>
> Joseph S. Oteri, Esquire
> 20 Park Plaza, Suite 905
> Boston, MA 02116
>
> Charles M. Oberly, III, Esquire
> Oberly, Jennings & Rhodunda, P.A.
> PO Box 2054
> Wilmington, DE 19899
>
> Eugene J. Maurer, Jr., Esquire
> 1201-A King Street
> Wilmington, DE 19801

(2) The following attorneys represented petitioner on direct appeal

> Joseph M. Bernstein, Esquire
> 800 N. King Street - Suite 302
> Wilmington, DE 19801

David A. Ruhnke, Esquire
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042

Paul Shechtman, Esquire
Stillman & Friedman, P.C.
425 Park Avenue
New York, NY 10022

(3) The following attorneys represented the petitioner in state court post-conviction proceedings and on appeal in post-conviction proceedings

Joseph M. Bernstein, Esquire
800 N. King Street - Suite 302
Wilmington, DE 19801

David A. Ruhnke, Esquire
Ruhnke & Barrett
47 Park Street
Montclair, NJ 07042

16. **Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?** No.

17. **Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?** No.

**WHEREFORE,** petitioner prays that the Court grant petitioner all relief to which he may be entitled under this Petition

                                          s/ Joseph M. Bernstein
                                          JOSEPH M. BERNSTEIN (#780)
                                          800 N. King Street - Suite 302
                                          Wilmington, DE 19801
                                          302-656-9850
                                          Attorney for Petitioner

I declare under penalty of perjury that the foregoing is true and correct.

                                          s/ Thomas J. Capano
Dated:   1/13/06                     Thomas J. Capano