.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **THOMAS J. CAPANO,**<br>    Petitioner,<br><br>        v.<br><br>**THOMAS CARROLL**, Warden, *et al.,*<br>    Respondent. | :<br>:<br>:<br>:  Civil Action No. 06-58 ***<br>:<br>:<br>: |

### MOTION TO WAIVE PAGE LIMITATIONS FOR FILING OF BRIEF

The Petitioner hereby moves the Court to waive the page limitation of 40 pages under Local Rule 7.1.3(a)(4) and for for leave to file an Opening Brief in Support of Petition for Habeas Corpus to contain not more than sixty-five (65) pages. In making this request, counsel is mindful of the maxim that "the process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail...is the hallmark of effective appellate advocacy." *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983). Conversely, the decision as to which issues to pursue on appeal falls on the attorney, and counsel is required to exercise "professional judgment." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996).

In this case, the Appellant was convicted of Murder First Degree in the State court and the conviction was affirmed on direct appeal. See, *Capano v. State*, 781 A.2d 556 (Del. 2001), *cert. denied*, *Capano v. Delaware*, 536 U.S. 958 (2002) ("*Capano II*"). This proceeding is for habeas corpus review of several of the rulings made by the Delaware Supreme Court in *Capano II*. After a thorough and conscientious review of the record, counsel has identified the following arguments, briefly outlined below, which, in the exercise of counsel's professional judgment, have substantial merit and warrant inclusion in the Opening Brief:

    1. In a prosecution for capital murder, a defendant is entitled, under the Due Process Clause of the Fourteenth Amendment, to have the jury instructed on Lesser included offenses if there is any evidence presented in the trial to warrant giving such instructions under state law. See, *Beck v. Alabama*, 447 U.S. 625 (1980). The decision in *Capano II* that Capano was not entitled to instructions on lesser included offenses was an unreasonable application of the rule in *Beck*.

      2.  The rulings in *Capano II* that the admission of Fahey's hearsay statements to her friends, relatives and psychotherapistst violated Capano's rights under the Confrontation Clause of the Sixth Amendment and also violated his right to a fair trial under the Fourteenth Amendment.

      3.  The questioning of Capano on cross-examination concerning his pre-arrest and post-arrest silence violated his rights under the Fifth Amendment to the United States Constitution.

    This Motion is not opposed by the State.

          */s/ Joseph M. Bernstein*
JOSEPH M. BERNSTEIN (#780)
800 N. King Street - Suite 302
Wilmington, DE 19801
302-656-9850
302-656-9836 (Fax)
E-mail: jmbern001@comcast.net
Attorney for Petitioner

Dated: February 12, 2007

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **THOMAS J. CAPANO,**     Petitioner, | : : : |
| v. | : Civil Action No. 06-58 *** : |
| **THOMAS CARROLL**, Warden, *et al.,*     Respondent. | : : : |

## ORDER

AND NOW, this _____ day of February, 2007, IT IS ORDERED that Petitioner is hereby granted leave to file an Opening Brief not to exceed _____ pages, exclusive of tables of contents and citations.

_____

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 24, 2007, I electronically filed the foregoing Motion to Waive Page Limitations with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

    Loren C. Meyers, Esquire
    Elizabeth R. McFarlan, Esquire
    Department of Justice
    820 N. French Street
    Wilmington, DE 19801

          */ s/ Joseph M. Bernstein*
          JOSEPH M. BERNSTEIN (Bar #780)
          800 N. King Street - Suite 302
          Wilmington, DE 19801
          302-656-9850
          E-mail: jmbern001@comcast.net